UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAKAYLA MCCAIN,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-987** |
| **JP MORGAN MORTGAGE**<br>**ACQUISITION CORP., ET AL.,**<br>    **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is Plaintiff's motion for leave to file third amended complaint.[1] For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND

On March 23, 2020, Defendants removed Plaintiff's civil action from the Twenty-second Judicial District Court for the Parish of St. Tammany, State of Louisiana.[2] At a telephone status conference on September 3, 2020, Plaintiff, pro se at the time, requested 21 days to file an amended complaint in response to Defendants' motion for judgment on the pleadings, which the Court granted.[3] On September 28, 2020, the Court granted Plaintiff an additional 7 days to file an amended complaint.[4] At a telephone status conference on October 1, 2020, Plaintiff requested additional time to retain counsel and to file a Second Amended Complaint, if counsel deemed it necessary.[5] The Court granted Plaintiff until October 15, 2020, to file her second amended complaint.[6] On October 15,

---

[1] R. Doc. 71.
[2] R. Doc. 1.
[3] R. Doc. 14.
[4] R. Doc. 16. Plaintiff filed an amended complaint, however, it was marked deficient. R. Doc. 17.
[5] R. Doc. 19.
[6] R. Doc. 19.

1

2020, Plaintiff enrolled counsel.[7] On October 16, 2020, the Court granted an extension of 30 days, or until November 16, 2020, for Plaintiff's counsel to file a second amended complaint.[8] On November 16, 2020, the Court granted Plaintiff's motion for a 7 day extension to file a second amended complaint.[9] In the order, the Court noted "[t]his is the final extension the Court will grant Plaintiff to file a Second Amended Complaint."[10]

Plaintiff filed her second amended complaint on November 23, 2020.[11] In the second amended complaint, Plaintiff alleges multiple causes of action against the Defendants, JP Morgan Chase Bank ("Chase"), JP Morgan Mortgage Acquisition Corporation ("JPMMAC"), Carrington Mortgage Services, LLC ("Carrington").[12] Plaintiff brings causes of action for breach of contract, detrimental reliance, unfair trade practices in violation of La. R.S. 51:1409, conversion, and unfair debt collection practices in violation of the Fair Debt Collection Practices Act.[13] In her second amended complaint, Plaintiff sought damages for loss of her home; loss of personal income due to the negative impact of Defendants' conduct on Plaintiff's credit history, which affects her ability to return to employment as a loan officer; Plaintiff's credit reputation; all non-pecuniary damages, including for mental anguish, humiliation, embarrassment, and loss of enjoyment of life; to restore Plaintiff's credit; statutory damages as allowed by law; and attorney's fees.[14] On December 14, 2020, Defendants JPMMAC and Carrington filed an answer to Plaintiff's second amended complaint and counterclaim.[15] On February 21,

---

[7] R. Doc. 23.
[8] R. Doc. 25.
[9] R. Doc. 31.
[10] R. Doc. 31.
[11] R. Doc. 33.
[12] R. Doc. 33.
[13] *See* R. Doc. 33.
[14] R. Doc. 33 at ¶ 74.
[15] R. Doc. 38.

2020, Defendants Carrington and JPMMAC filed a renewed motion for judgment on the pleadings.[16] On February 23, 2021, Plaintiff moved for leave to file her third amended complaint.[17] Defendants opposed Plaintiff's motion to file her third amended complaint.[18] Plaintiff moved to extend the submission date of Defendants' motion for judgment on the pleadings, which the Court granted.[19]

Defendants moved for relief from the scheduling order in light of Plaintiff's second amended complaint, which the Court granted.[20] A new Scheduling Order was issued on January 28, 2021.[21] This Scheduling Order did not extend the date to amend pleadings.[22]

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 15(a) provides the Court should grant leave to amend freely when justice so requires.[23] Rule 15(a) "evinces a bias in favor of granting leave to amend."[24] Although leave to amend is not "automatic," the Court must possess a "substantial reason" to deny leave to amend.[25] The "substantial reason" standard is a high bar that is only met when, for instance, a plaintiff has acted with "undue delay, bad faith or dilatory motive" in seeking leave to amend, the plaintiff has made "repeated failures to cure deficiencies by amendments previously allowed," "undue prejudice [will result] to the opposing party by virtue of allowance of the amendment," or the amendment would be completely futile.[26]

---

[16] R. Doc. 40.
[17] R. Doc. 71.
[18] R. Doc. 75.
[19] R. Doc. 43.
[20] R. Doc. 50.
[21] R. Doc. 62.
[22] R. Doc. 62.
[23] Fed. R. Civ. P. 15(a).
[24] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir.2005) (citation omitted).
[25] *Id.*
[26] *Id.*

Federal Rule of Civil Procedure 16(b) states scheduling orders "may be modified only for good cause and with the judge's consent."[27] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[28] In determining good cause, the Fifth Circuit has delineated four factors to consider: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."[29] "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[30]

In this case, the deadline for filing amendments to pleadings, third-party actions, cross-claims, and counterclaims was June 29, 2020.[31] Because the deadline has passed, the Court will apply the standard of 16(b) to determine whether there is good cause to amend. Plaintiff argues good cause exists to modify the scheduling order.[32] As to the first factor, Plaintiff argues her new cause of action for breach of contract against all defendants for damages to the subfloor of her home is based on a cost estimate for repair work obtained after the filing of Plaintiff's second amended complaint.[33] Plaintiff also argues three of her new causes of action against JPMMAC and Carrington for fraud,

---

[27] Fed. R. Civ. P. 16(b).
[28] *S&W Enters, LLC v. Southtrust Bank of Ala.*, NA, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).
[29] *Id.* at 536.
[30] *Id.*
[31] R. Doc. 62.
[32] R. Doc. 71-1 at 2.
[33] R. Doc. 71-1 at 2.

alternatively for negligent misrepresentation, and for bad faith do not involve new allegations of fact but merely represent new theories of recovery similar to allegations made in Plaintiff's second amended complaint.[34] Counsel for Plaintiff argues he did not recognize the additional causes of action existed until he performed legal research in connection with Defendants' motion for judgment on the pleadings. Finally, Plaintiff argues her additional action arising from unjust enrichment was referenced in Plaintiff's opposition memorandum to Defendants' motion for judgment on the pleadings and, as a result, it not in reality a new cause of action.[35]

Defendants argue the first factor of the Rule 16 analysis, Plaintiff's explanation for her failure to timely amend, weighs heavily against granting Plaintiff leave to amend.[36] Defendants argue Plaintiff bases her untimeliness on "a recently received estimate to repair water damage to the property's flooring, which occurred over 5 years ago, and her attorney's failure to appreciate additional causes of action for fraud, misrepresentation, bad faith, and unjust enrichment until he analyzed JPMMAC and Carrington's motion for judgment on the pleadings."[37] Defendant points out that Plaintiff's second amended complaint contains a conversion claim against Chase based on its handling of insurance proceeds.[38] Defendants also point out that Plaintiff had notice of the damages to her floor because, in her second amended complaint, Plaintiff alleged she "has lived with holes in the floor" since the 2015 water damage occurred.[39] In support of their arguments,

---

[34] R. Doc. 71-1 at 2.
[35] R. Doc. 71-1 at 2; *see* R. Doc. 52 at 18 ("In the event the Court determines that Plaintiff's conversation claim against Defendants has prescribed, Plaintiff respectfully prays that she be given an opportunity to amend to assert a claim for unjust enrichment under La. C.C. Article 2298.").
[36] R. Doc. 75 at 4.
[37] R. Doc. 75 at 4.
[38] R. Doc. 75 at 4; *see* R. Doc. 33 at 16-17.
[39] R. Doc. 75 at 4; see R. Doc. 33 at 4.

Defendants cite *E.E.O.C. v. Service Temps Inc.*, in which the Fifth Circuit affirmed the district court's holding that the plaintiff failed to demonstrate good cause for the delay in amending its answer, as required under Federal Rule of Civil Procedure 16(b), and therefore denied the motion to amend.[40] Plaintiff does not explain the five year gap between the damage occurring and her getting a repair estimate. With regard to Plaintiff's attorney's argument that he was unaware of additional causes of action until analyzing Defendants' motion for judgment on the pleadings, Defendants point out Plaintiff's counsel had access to Defendants' first motion for judgment on the pleadings, in which many of these same arguments were made, before the second amended complaint was filed.[41] The Court finds Plaintiff has not provided a reasonable explanation for her delay, and this factor weighs against allowing amendment.

Next, Plaintiff argues the second factor, the importance of the amendment, weighs in her favor. Plaintiff argues that, without leave to amend, "Plaintiff will be deprived of the opportunity to recover damages based on newly developed facts and other distinct damages for JPMMAC/Carrington's potential fraudulent conduct, negligent misrepresentation, and bad faith."[42] Defendant argues that, while it may be important to Plaintiff to amend her complaint, "this is not a situation in which she would be left with 'no remaining theory of recovery' if the claims are not added, which lessens the claims' potential importance."[43] The Court agrees with the Defendants that Plaintiff has alternate

---

[40] 679 F.3d 323, 328 (5th Cir. 2012).
[41] R. Doc. 27-1 (Counsel stated that "considering the complex and multiple issues raised by defendants in their Motion for Judgment on the Pleadings (R. Doc. 10), undersigned counsel respectfully submits that a brief further extension is needed to obtain additional documents, to consult with plaintiff about these documents and additional information, to evaluate all causes of action plaintiff may have against defendant, and to prepare proper pleadings.").
[42] R. Doc. 71-1 at 3.
[43] R. Doc. 71-1 at 5-6 (quoting *Ward v. CNH America, L.L.C., Ind.*, 534 Fed. Appx. 240, 242 (5th Cir. 2013)).

theories of recovery available to her, and this factor does not weigh in favor of amendment.

Finally, Plaintiff argues the third and fourth factors weigh in favor of the Plaintiff because there is little prejudice to the Defendants, as discovery is still ongoing, and the trial date has been moved to August.[44] Defendants, on the other hand, argue they will be prejudiced by amendment. Defendants cite *U.S. ex rel. Bias v. Tangipahoa Parish School Board*, in which the Fifth Circuit held the third factor weighed against amendment when "the parties would have been forced to 're-urge the same arguments' presented in previous dispositive motions."[45] In this case, JPMMAC and Carrington already have been required to respond to the original and Plaintiff's second amended complaint[46] and have filed two motions for judgment on the pleadings.[47] Allowing amendment will force Defendants to re-file their motion for judgment on the pleadings for a third time, causing increased costs and further delay.[48] The Court finds the third and fourth factors do not weigh in favor of amendment.

Plaintiff has not shown that good cause exists to modify the scheduling order, and therefore the more lenient standard of Federal Rule of Civil Procedure 15(a) standard does not apply. Instead, the standard of Federal Rule of Civil Procedure 16(b)(4) applies, which states that "[a] schedule may be modified only for good cause and with the judge's consent." The Fifth Circuit has held that it is within the district court's discretion to deny leave to amend under Rule 16(b)(4) if it finds the plaintiff has not satisfied the first good-

---

[44] R. Doc. 71-1 at 3.
[45] 816 F.3d 315, 328 (5th Cir. 2016).
[46] R. Doc. 75 at 6. Plaintiff filed a first amended complaint on October 1, 2020, that was marked deficient.
[47] R. Docs. 10, 40.
[48] R. Doc. 75 at 6.

cause factor.[49] Plaintiff has already been given many extension of time and has filed two complaints. The Court finds good cause to modify the scheduling order, yet again, has not been shown.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's motion for leave to file third amended complaint[50] is **DENIED**.

New Orleans, Louisiana, this 24th day of March, 2021.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[49] *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012).
[50] R. Doc. 71.